IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| J.W. FOWLER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EPHRIAM IRRIGATION COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 4:20-cv-00015-DN-PK<br><br>District Judge David Nuffer |

Plaintiff J.W. Fowler Company ("JWF") brought suit against Defendant Ephraim Irrigation Company ("EIC") alleging claims for breach of contract and unjust enrichment relating to the installation of a corrugated metal pipe in a drainage tunnel near Ephraim, Utah.[1] JWF alleges EIC breached implied warranties in the parties' contract by supplying negligently prepared plans and specifications and an inadequate corrugated metal pipe, which caused JWF to incur delays and increased costs to complete its work.[2] EIC seeks dismissal of JWF's Complaint for failure to state a claim.[3]

Because JWF fails to allege sufficient facts to state a claim against EIC for breach of an implied warranty, and because the existence of a written contract precludes relief for unjust enrichment, EIC's Motion to Dismiss[4] is GRANTED. However, JWF is given leave to file an amended complaint to correct the deficiencies in its breach of contract claim.

---

[1] Complaint for Damages ("Complaint") ¶¶ 3.2-5.4 at 3-4, docket no. 2, filed Feb. 24, 2020.

[2] *Id*.

[3] Motion to Dismiss, docket no. 13, filed Apr. 22, 2020.

[4] *Id*.

## DISCUSSION

EIC seeks dismissal of JWF's Complaint under FED. R. CIV. P. 12(b)(6).[5] Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[6] Each cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[7] In reviewing the complaint, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[8] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[9]

### JWF fails to allege sufficient facts to state a claim against EIC for breach of implied warranty

JWF's alleges in its breach of contract claim that because EIC supplied negligently prepared plans and specifications and an inadequate corrugated metal pipe, JWF had to undertake extraordinary efforts and increased costs to complete its work.[10] The parties agree that JWF's breach of contract claim is a claim for breach of implied warranty under the *Spearin* doctrine.[11]

"In most instances, parties are bound by the terms of their contract, which defines their relationship and their respective rights and obligations."[12] "[I]f one agrees to do a thing possible of performance [that party] will not be excused or become entitled to additional compensation,

---

[5] *Id*. at 1.

[6] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[10] Complaint ¶¶ 3.6-3.7 at 3.

[11] Motion to Dismiss at 11-27; Opposition to Defendant Ephraim Irrigation Company's Rule 12(b)(6) Motion to Dismiss ("Response") at 1, 7-24, docket no. 17, filed May 20, 2020.

[12] *Frontier Founds., Inc. v. Layton Constr. Co.*, 818 P.2d 1040, 1042 (Utah Ct. App. 1991).

because unforeseen difficulties are encountered."[13] The *Spearin* doctrine is an exception to this general rule, which recognizes an implied warranty in certain contracts.[14]

The *Spearin* doctrine states that "if [a] contractor is bound to build according to plans and specifications prepared by the owner, the contractor will not be responsible for the consequences of defects in the plans and specifications."[15] By "prescribing the character, dimensions and location" of a structure, the owner "import[s] a warranty that if the [plans and] specifications [are] complied with," the structure will be satisfactory and suitable for its intended use.[16] "The basis for the implied warranty is that the owner is in the better position to determine the accuracy and suitability of the [structure's] plans and specifications."[17] And "[t]he implied warranty is breached if, as a result of a design error, the contractor cannot satisfactorily construct the structure, or can do so only by expending extraordinary expense or effort."[18]

The Utah Supreme Court has recognized the principle of the *Spearin* doctrine that "if plans and specifications are so deficient or defective that a contractor encounters conditions different from those as represented or reasonably to be anticipated, [the contractor] should be entitled to recover for extra costs incurred in dealing with those different conditions."[19] And the Utah Supreme Court has held that:

> A contractor of public works who, acting reasonably, is misled by incorrect plans and specifications issued by the public authorities as the basis for bids and who, as a result, submits a bid which is lower than [the contractor] would have

---

[13] *Id*. (quoting Wunderlich v. State of California, 423 P.2d 545, 548 (Cal. 1967)).

[14] *United States v. Spearin*, 248 U.S. 132, 136-137 (1918).

[15] *Id*. at 136.

[16] *Id*. at 137.

[17] Corp. Couns. Gd. to Warranties § 11:7 (Nov. 2019).

[18] *Id*.

[19] *R. C. Tolman Constr. Co. v. Myton Water Ass'n*, 563 P.2d 780, 782 (Utah 1977) (citing *United States v. Atl. Dredging Co.*, 253 U.S. 1 (1920); *Spearin*, 248 U.S. 132).

3

otherwise made may recover in a contract action for extra work or expenses necessitated by the conditions being other than represented.[20]

In other words, "if affirmative representations made are inaccurate, and the inaccuracies make the plans and specifications misleading, the contractor can recover damages caused by [its] reasonable reliance upon them."[21]

To state a plausible claim for breach of a *Spearin* implied warranty under Utah law, a plaintiff must allege that : (1) the parties entered a valid and enforceable contract; (2) the defendant made an affirmative representation regarding the structure's plans and specifications that was inaccurate or misleading; (3) the plaintiff reasonably relied on the inaccurate or misleading representation in entering the contract; and (4) the inaccurate or misleading representation caused the plaintiff to incur extra work or expenses.[22] JWF's Complaint fails to allege sufficient facts to meet this threshold.

JWF alleges that EIC breached an implied warranty by supplying negligently prepared plans and specifications.[23] This allegation is conclusory. JWF does not allege the aspects of, or provisions in, the plans and specifications that were negligently prepared, inaccurate, or misleading. Nor does JWF allege whether the deficiencies were in the plan and specifications related to design (where JWF would have no discretion to deviate from the plans and specifications) or performance (where JWF could exercise discretion to achieve an objective or standard). JWF also fails to include allegations regarding the process by which the parties entered the contract. It is unknown what information JWF had regarding the plans and

---

[20] *Thorn Constr. Co., Inc. v. Utah Dep't of Transp.*, 598 P.2d 365, 368 (Utah 1979) (quoting *Souza & McCue Constr. Co. v. Superior Crt. of San Benito Cty.*, 370 P.2d 338, 339 (Cal. 1962)); *L.A. Young Sons Constr. Co. v. Tooele Cty.*, 575 P.2d 1034, 1038 (Utah 1978).

[21] *Jack B. Parson Constr. Co. v. State by & through Dep't of Transp.*, 725 P.2d 614, 616 (Utah 1986).

[22] *Id.*; *Frontier Founds., Inc.*, 818 P.2d at 1043.

[23] Complaint ¶ 4.2 at 4.

specifications when entering the contract, and how JWF relied on such information. In the absence of these allegations, JWF does not identify an affirmative representation EIC made regarding the plans and specifications that was inaccurate or misleading, which JWF relied on in entering the contract to its detriment. Therefore, JWF fails to sufficiently allege a breach of implied warranty regarding the plans and specifications.

JWF also alleges that EIC breached an implied warranty by supplying a corrugated metal pipe that was inadequate.[24] Specifically, JWF alleges that the corrugated metal pipe frequently arrived on site damaged or defective, and that it was thin, flexible, and lacked the rigidity necessary for the project.[25] The pipe's condition caused it to float during grouting, resulting in areas of the tunnel being out of tolerance.[26] JWF alleges that because of the pipe's condition, JWF's grouting subcontractor refused to finish work, which necessitated the hiring of a replacement subcontractor at a substantially increased cost.[27] But JWF alleges that the replacement subcontractor ultimately used the pipe to complete the work.[28] And JWF does not allege what extraordinary effort or costs were necessary to allow the corrugated metal pipe to be used. Moreover, there are no allegations regarding the information JWF had about the pipe when entering the contract; what affirmative representations EIC made regarding the pipe; or how JWF relied on EIC's representations regarding the pipe. Therefore, JWF fails to sufficiently allege a breach of implied warranty regarding the corrugated metal pipe.

---

[24] *Id.*

[25] *Id.* ¶¶ 3.5 at 3.

[26] *Id.*

[27] *Id.* ¶¶ 3.6-3.7 at 3-4.

[28] *Id.* ¶ 3.7 at 3-4.

Because JWF has not made sufficient and necessary factual allegations, its Complaint fails to state a plausible claim against EIC for breach of contract under the *Spearin* doctrine. However, it may be possible for JWF to correct these deficiencies through the filing of an amended complaint.

Finally, the briefing has revealed that Utah case law does not expressly hold that a *Spearin* implied warranty claim is permitted only in government or public works contracts. But the Utah Supreme Court has only addressed *Spearin* implied warranties pertaining to government or public works contracts.[29] And the Utah Court of Appeals has questioned whether the *Spearin* doctrine would apply to private contracts.[30] *Spearin* involved a government contract.[31]

JWF's Complaint does not allege whether the parties' contract is a public works contract or a private contract. JWF alleges that its work under the contract was part of a multiyear project to rehabilitate the Ephraim Tunnel, which carries water from the Seeley Creek drainage to an area near Ephraim City in the San Pitch River drainage.[32] JWF also alleges that the Ephraim Tunnel Improvement Project is owned by EIC, a non-profit corporation.[33] JWF does not allege that EIC is a public entity or other facts from which it would be reasonable to infer that the contract is a public works contract. However, in response to EIC's Motion to Dismiss, JWF asserts several facts regarding the contract that could support it being a public works contract.[34]

---

[29] *Jack B. Parson Constr. Co.*, 725 P.2d 614; *Thorn Constr. Co., Inc.*, 598 P.2d 365; *L.A. Young Sons Constr. Co.*, 575 P.2d 1034; *R. C. Tolman Constr. Co*, 563 P.2d 780.

[30] *Frontier Founds., Inc.*, 818 P.2d at 1043 n.2.

[31] 248 U.S. at 133-134.

[32] Complaint ¶ 3.2 at 2.

[33] *Id*. ¶¶ 1.1, 3.2.

[34] Response at 16.

If JWF chooses to file an amended complaint, it should include allegations regarding the nature of the parties' contract.

### JWF's unjust enrichment claim fails as a matter of law

JWF's Complaint includes an alternative claim for unjust enrichment regarding the benefit conferred on EIC for the work JWF performed.[35] However, "'a prerequisite for recovery on an unjust enrichment theory is the absence of an enforceable contract governing the rights and obligations of the parties relating to the conduct at issue' because '[i]f there were a contract, it, rather than the law of restitution, would govern the parties' rights and determine their recovery.'"[36] Because EIC does not dispute the existence of a valid and enforceable contract regarding the work JWF performed,[37] JWF is precluded from obtaining relief for unjust enrichment as a matter of law. In responding to EIC's Motion to Dismiss, JWF acknowledge this and agreed to the dismissal of its unjust enrichment claim.[38]

---

[35] Complaint ¶¶ 5.1-5.4.

[36] *Hillcrest Inv. Co., LLC v. Dep't of Transp.*, 352 P.3d 128, 133 (Utah Ct. App. 2015) (quoting *Ashby v. Ashby*, 227 P.3d 246, 250-51 (Utah 2010)).

[37] Motion to Dismiss at 9-11.

[38] Response at 7 n.2.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[39] is GRANTED. JWF's breach of contract claim is DISMISSED without prejudice, and JWF's unjust enrichment claim is DISMISSED with prejudice. JWF is given leave to file, within 21 days, an amended complaint that corrects the deficiencies in its breach of contract claim. If JWF's amended complaint is not filed within 21 days, judgment will enter and the case will be closed.

Signed July 23, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[39] Docket no. 13, filed Apr. 22, 2020.